UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:13cr41-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| YILONG SUN, | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1) and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

   a. Approximately $169,900 in United States currency seized on or about November 16, 2012;

   b. Approximately $139,925 in United States currency seized on or about November 20, 2012;

   c. Approximately $986.22 seized from Bank of America account XXXX6852;

   d. Approximately $32.77 seized from Bank of America account XXXX0766;

   e. Approximately $3,630.81 seized from Bank of America account XXXX4784;

   f. Approximately $10,000 seized from Bank of America account XXXX2484;

   g. Approximately $6,000 seized from Wells Fargo account XXXX8085; and,

   h. The following real properties, provided that defendant shall first be permitted to attempt to sell these properties for a period of one year. For each property sold, the closing attorney shall remit the net proceeds from the sale to the United States, by check payable to U. S. Customs and Border Protection, until the total sum of $230,000 has been remitted, at which time the $230,000 shall be forfeited as a substitute *res* the real properties, the forfeiture shall be dismissed as to any

remaining real properties, and the government shall release its lis pendens as to any such remaining properties. The subject real properties are as follows:

   i. Real property located at 1619 Herrin Avenue, Unit 82, Charlotte, NC;

   ii. Real property located at 1621 Herrin Avenue, Unit 81, Charlotte, NC;

   iii. Real property located at 2115 Kennesaw Drive, Charlotte, NC;

   iv. Real property located at 2117 Kennesaw Drive, Charlotte, NC;

   v. Real property located at 2119 Kennesaw Drive, Charlotte, NC;

   vi. Real property located at 2121 Kennesaw Drive, Charlotte, NC;

   vii. Real property located at 5007 Highlake Drive, Unit 63, Charlotte, NC; and

   viii. Real property located at 5131 Plaza Meadow Drive, Charlotte, NC.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1) and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they , in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
STEVEN R. KAUFMAN, ESQ.
Assistant United States Attorney

_____
YILONG SUN
Defendant

_____
DAVID FREEMAN, ESQ.
Attorney for Defendant

Signed this the __17__ day of __March__, 2014.

_____
ROBERT J. CONRAD, JR.
UNITED STATES DISTRICT JUDGE